***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL BECHOLD, | |
| Petitioner, | Civil Action No. 15-3317 (CCC) |
| v. | OPINION |
| SHERRY YATES, et al., | |
| Respondents. | |

**CECCHI, District Judge:**

Petitioner Paul Bechold ("Petitioner"), confined at Adult Diagnostic & Treatment Center in Avenel, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey for aggravated sexual assault on May 7, 2004. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For reasons stated below, the Court dismisses the Petition.

## I.   FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for aggravated sexual assault and sexual assault on May 7, 2004, after a guilty plea. (ECF No. 1 at 1.) An appeal was filed challenging the conviction and sentence, and both were affirmed on February 15, 2006. Id. at 2. No petition for certification with the New Jersey Supreme Court or the United States Supreme Court was filed. Id. at 2-3.

On May 11, 2011, Petitioner sought post-conviction review ("PCR") in state court, and the application for PCR was denied on February 28, 2013. *Id.* at 6. Petitioner appealed the denial of PCR, and the denial was affirmed on October 27, 2014. *Id.* at 7. Certification was denied by the New Jersey Supreme Court on March 27, 2015. (ECF No. 1-3 at 2.) On May 11, 2015, Petitioner filed the instant Petition, which was dated May 4, 2015.

## II.   DISCUSSION

### A. Statute of Limitations

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other

2

words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). If a denial of post-conviction relief is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, if an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation"). Overall, however, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). More specifically, "[e]xtraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted

his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Petitioner's conviction and sentence were imposed on May 7, 2004. His direct appeal was decided on February 15, 2006. No petition for certification was filed with the New Jersey Supreme Court, and none was filed with the U.S. Supreme Court. Giving Petitioner the benefit of the 90-day period for a petition for writ of certiorari in the United States Supreme Court, despite Petitioner's failure to petition to the New Jersey Supreme Court in the first instance, Petitioner's conviction and sentence became final for the purposes of AEDPA on May 16, 2006. This means that the AEDPA statute of limitations period expired, without tolling, on May 16, 2007, one year after his conviction and sentence became final. However, Petitioner did not file an application for PCR until May 11, 2011, long after his AEDPA statute of limitations period expired. Consequently, the instant Petition is untimely because Petitioner is not entitled to statutory tolling.

As Petitioner alleges no grounds for equitable tolling, the Court finds that the Petition is time-barred by AEDPA. If Petitioner has valid reasons why equitable tolling should be applied, Petitioner may file a motion to reopen stating those reasons within 30 days from the date of entry of the accompanying Order.

4

### B. Certificate of Appealability

Lastly, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.   CONCLUSION

For the reasons set forth above, the Petition is DISMISSED as time-barred.

_____
**Claire C. Cecchi, U.S.D.J.**

Dated: July 30, 2015