**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAUL BECHOLD, | : | |
| Petitioner, | : | Civil Action No. 15-3317 (CCC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SHERRY YATES, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge.**

Petitioner Paul Bechold ("Petitioner"), confined at Adult Diagnostic & Treatment Center in Avenel, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey for aggravated sexual assault on May 7, 2004. Presently before the Court is Petitioner's Motion to Reopen ("Motion"), (ECF No. 4), filed after the Court dismissed the Petition as time-barred in its July 30, 2015 Order, pursuant to 28 U.S.C. § 2244(d), (ECF No. 3). For the reasons stated below, the Court denies the Motion.

### I.      FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for aggravated sexual assault and sexual assault on May 7, 2004, after a guilty plea. (ECF No. 1 at 1.) The Court found in its prior screening opinion that an appeal was filed challenging the conviction and sentence, and both were affirmed on February 15, 2006. (ECF No. 2 at 1.) In the Motion, Petitioner challenges this factual determination, alleging that due to a remand for resentencing, and a lack of response from his attorney after resentencing,

his direct appeal did not conclude until May 12, 2010, when his new sentence was affirmed on appeal. (ECF No. 4 at 5.)  Although Petitioner makes this assertion now, he did not make the Court aware of this date in his Petition. (*See* ECF No. 1 at 2.)  Petitioner does not allege that he filed a petition for certification with the New Jersey Supreme Court or the United States Supreme Court after the May 12, 2010 affirmance of his resentencing.

Petitioner also challenges the Court's prior ruling that Petitioner sought post-conviction review ("PCR") on May 11, 2011. (ECF No. 2 at 2.)  In the Petition, Petitioner listed the date of filing of his PCR application as May 11, 2011. (*See* ECF No. 1 at 3.)  Petitioner now asserts that it occurred ten days earlier, on May 1, 2011.[1]  (ECF No. 4 at 5.)  PCR was denied by the Law Division on February 28, 2013. (*Id.* at 6.)  Petitioner appealed the denial of PCR on April 13, 2013, (*id.* at 20), and the denial was affirmed on October 27, 2014. (*Id.* at 6.)  Petitioner filed certification with the New Jersey Supreme Court on December 1, 2014, (ECF No. 1-3 at 1), and it was denied on April 2, 2015. *Id.*

On May 11, 2015, Petitioner filed the instant Petition, which was dated May 4, 2015.  On July 30, 2015, the Court dismissed the Petition as time-barred, but gave Petitioner 30 days to present valid arguments for equitable tolling. (ECF No. 2 at 4.)  He then filed the instant Motion, making the aforementioned challenges to the Court's factual findings and presenting equitable tolling arguments.

## II.    DISCUSSION

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  In most cases and in this particular case, the one-year

---

[1]    Petitioner does not challenge the remaining dates cited in the Court's prior ruling.

period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial for post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). If a denial of post-conviction relief is appealable in state court but an appeal was not filed, statutory tolling includes "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, if an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed. *Id.* at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Overall, however, the Anti-Terrorism and Effective Death Penalty Act's "limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Jenkins*, 705 F.3d at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has

3

been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). More specifically, "[e]xtraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

As explained above, Petitioner challenges two of the dates relied upon by the Court in its prior dismissal. Specifically, Petitioner alleges that his direct appeal did not conclude until May 12, 2010, and that he filed his PCR application on May 1, 2011. However, even if the Court accepts those allegations as true, the Petition is still statutorily time-barred. Fatal to Petitioner's claim for relief is the fact that Petitioner waited almost an entire year before filing his PCR application on May 1, 2011. Taking into account the 20 days Petitioner had to seek certification with the New Jersey Supreme Court after his direct appeal concluded on May 12, 2010, N.J. Court Rules 2:12–3(a), *Alvarenga v. Lagana*, No. 13-4604, 2015 WL 4461854, at *2 (D.N.J. July 21, 2015), Petitioner's judgment became final on June 1, 2010. Because Petitioner did not file his

PCR application until May 1, 2011, from June 1, 2010 through this date, 334 days ran from Petitioner's one-year limitations period. When Petitioner's PCR denial was ultimately affirmed by the Appellate Division on October 27, 2014, Petitioner had until November 16, 2014 to seek a timely certification with the New Jersey Supreme Court. Petitioner did not do so until December 1, 2014, causing another 15 days to run from his limitations period. In sum, 349 days ran from Petitioner's statute of limitations before he exhausted his state court remedies on April 2, 2015, giving Petitioner 16 days, or until April 18, 2015, to file a timely petition. Petitioner did not file the instant Petition until May 4, 2015, when 381 days had run from his statute of limitations, making it untimely.

In the Motion, Petitioner blames the delays in state court on his attorneys' lateness in filing appeals, both during direct appeal and on PCR. However, equitable tolling is only warranted under extraordinary circumstances that would have *prevented* a petitioner from filing a timely habeas petition. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

5

Here, Petitioner has not established valid grounds for equitable tolling, because the alleged late filings by his attorneys were not the cause of Petitioner's untimeliness. As the Court found above, even if the Court credits Petitioner with the late filings and accepts all of the dates alleged by Petitioner as true, Petitioner is still time-barred from filing his habeas petition. For example, Petitioner argues that his attorney was late in filing a direct appeal after his resentencing, despite repeated attempts by Petitioner to notify his attorney of his intent to appeal. (ECF No. 4 at 4-5.) However, the Court takes that into account by accepting May 12, 2010 as the date Petitioner's direct appeal concluded. Additionally, Petitioner argues that his counsel on PCR appeal was also late in filing that appeal, (*id.* at 6), but the Court's finding above did not deduct those late days from Petitioner's one-year statute of limitations.[2] Therefore, there is no "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition," *Ross*, 712 F.3d at 803; Petitioner's untimely filing was due to his own negligence. Accordingly, the Court finds that Petitioner is not entitled to equitable tolling, and denies the Motion.

---

[2]     In the Motion, Petitioner does not explain why there was a delay in seeking certification with the New Jersey Supreme Court after his PCR denial was affirmed by the Appellate Division. As the Court noted above, Petitioner should have sought certification by November 16, 2014, but did not do so until December 1, 2014. Even if Petitioner again blames that lateness on another one of his attorneys, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). The Third Circuit has held that the ability of a petitioner to file a *pro se* appeal, notwithstanding his attorney's failure to file, is ground for denying equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted because the petitioner could have filed a *pro se* notice of appeal in state court to toll his federal habeas statute of limitations).

### III.   CONCLUSION

For the reasons set forth above, the Motion is DENIED.

_____

**Claire C. Cecchi, U.S.D.J.**

Dated: Feby 10, 2017